**AKE HALE SA, Plaintiff**

v.

**CECILIA VOLLRATH, Defendant**

High Court of American Samoa
Land and Titles Division

LT No. 47-91

May 11, 1992

Before KRUSE, Chief Justice, LOGOAI, Associate Judge, and BETHAM, Associate Judge.

Counsel: For Plaintiff, Tauese P.F. Sunia
 For Defendant, Gata E. Gurr

Plaintiff recently returned from an off-island visit to find that her neighbor, the defendant, had erected a barbed-wire fence which virtually

ran up against one side of her house. The fence effectively barred anyone from attempting to exit through the back door. Plaintiff filed suit seeking injunctive relief.

The defendant, it seems, had recently entered into a verbal agreement with one Isumu Leapaga to purchase an adjacent strip of land for which she immediately tendered the agreed purchase price of $2,000. However, she subsequently discovered, when attempting to reduce the subject of her purchase to metes and bounds, that what she had given money for had previously been conveyed by Leapaga to plaintiff. The latter possessed a warranty deed of conveyance from Leapaga dated November 14, 1988, concerning a certain parcel of land located in the village of Tafuna bounded and described as follows:

> Beginning at an iron pin which has coordinates of X=245055.62, Y=291341.65 based on American Samoa Datum of 1962 run thence on azimuth 171 degree 53'00" 73.79 feet to an iron pin thence on azimuth 254 degree 02'01", 73.79 feet to an iron pin, thence on azimuth of 351 degree 53'00", 73.79 feet to an iron pin thence on azimuth 74 degree 02'01", 73.79 feet to the point of beginning. Containing an area of 0.125 acres more or less.

The said deed recites a consideration of $7,500.00 and it shows execution and attestation in the presence of a Notary Public. The deed further reflects registration, in accordance with the provisions of A.S.C.A. §§ 37.0101 *et seq.*, with the Territorial Registrar on November 5, 1988 (in Land Transfer, vol. 5, at 234).

Leapaga also claims surprise by the course of events as they had unfolded; he testified that plaintiff, with the aid of the surveyor involved, had helped herself to more land than that which he had agreed to sell and had actually pointed out to her. He further testified that what the surveyor had done was extremely impertinent ("tautalaititi"), and he seems to think that he nonetheless has ownership rights to the disputed strip, notwithstanding the deed which he had ensealed and delivered. On this basis, the defendant asserted her claim to better entitlement and consequently took self-help measures to enforce that claim by setting up the barbed-wire fence.

We grant the relief sought. The facts here are not unlike those in *Moon v. Falemalama*, 4 A.S.R. 836 (1975). The dispute there also

38

involved adjoining landowners who also acquired their respective interests from a common grantor. The court held that when the plaintiff grantee received a deed and registered it before the defendant grantees' deed was delivered,

> title to the property described in [plaintiff's] instrument passed to her and the grantor lost all of his interest therein. . . . Under [A.S.C.A. § 37.0210] the defendant [grantees] are held to have had notice of the contents of plaintiff's duly registered, i.e. recorded, deed at the time they accepted delivery of their own. Their subsequent deed, therefore, has no effect on plaintiff's ownership of the property described in her instrument."

*Id.* at 839. As between the plaintiff and defendant, plaintiff's title to the disputed area is not defeasible.[1]

Accordingly, an order will enter enjoining the defendant Cecilia Vollrath and those claiming by, through, or under her from interfering with plaintiff Ake Hale Sa's use and enjoyment of that land described above.

It is so ordered.

---

[1] We intimate no position whatsoever on any rights which Leapaga may have against plaintiff.